UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11975-GAO

BANK OF AMERICA, N.A.,
Appellant,

v.

DEBORA A. CASEY, TRUSTEE,
Appellee.

OPINION AND ORDER
September 26, 2014

O'TOOLE, D.J.

This is an appeal from a ruling of a United States Bankruptcy Judge for the District of Massachusetts. In an adversary proceeding, the bankruptcy court granted summary judgment in favor of the trustee of the bankrupt estate, allowing the trustee to avoid Bank of America's mortgage. The issue presented is whether an attorney's affidavit, later recorded with the registry of deeds, can cure a material defect in the acknowledgment to a mortgage that existed at the time the mortgage itself was recorded. The court ruled that under Massachusetts law the defect in the acknowledgement was not cured by the subsequently recorded affidavit.

I.      **Background**

The debtor commenced a Chapter 7 case in July 2012. In September 2012, the trustee filed an adversary proceeding against Bank of America seeking to avoid the bank's mortgage on the debtor's property under the strong-arm provision of the Bankruptcy Code, 11 U.S.C. § 544(a). The parties filed cross-motions for summary judgment. The Bankruptcy Court granted summary judgment in favor of the trustee. Bank of America timely filed its notice of appeal.

The parties are in agreement as to the underlying facts. In 1999 the debtor and his wife ("the Pereiras") purchased a property in New Bedford, Massachusetts. In December 2005, the Pereiras granted Bank of America a mortgage on the property. On the mortgage the Pereiras were identified as "Borrowers" and they initialed the bottom of each unsigned page and executed the document, which was witnessed by Attorney Raymond J. Quintin. The acknowledgment jurat at the end of the mortgage document, however, omitted the names of the Pereiras.

In an attempt to rectify the omission, Attorney Quintin recorded an affidavit with the Registry in January 2012, six months prior to the commencement of the bankruptcy case. In the affidavit, Attorney Quintin certified that he witnessed the Pereiras' signatures on the mortgage, that they provided him with satisfactory evidence of their identity, and that they acknowledged that they had signed the mortgage voluntarily.

## II.    Standard of Review

Rule 8013 of the Federal Rules of Bankruptcy Procedure provides that "[o]n an appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings." The Bankruptcy Court's conclusions of law, including statutory construction, are subject to *de novo* review. Flynn v. Bankowski (In re Flynn), 402 B.R. 437, 441 (B.A.P. 1st Cir. 2009) (per curiam). This appeal does not seek review of any factual findings.

## III.   Discussion

In Mortg. Elec. Registration Sys., Inc. v. Agin, 2009 WL 3834002 (D. Mass. Nov. 17, 2009), this Court considered a related question. In that case, the acknowledgment in the mortgage suffered from the same defect as in this case; the debtor's name was omitted. In light of the defect, the trustee filed an adversary complaint in the bankruptcy court to avoid the

mortgage. Id. The bankruptcy court granted summary judgment in favor of the trustee, and this Court affirmed that ruling on appeal. Id. at *3. The Court concluded that the omission of the mortgagor's name in the acknowledgment was a material defect under Massachusetts law. Consequently, the defective record was not effective to provide constructive notice to subsequent purchasers. Id. at *2. This meant that the trustee, who has the rights and powers of a bona fide purchaser of real property, 11 U.S.C. § 544(a)(3), could not be charged with constructive notice of the mortgage and therefore could avoid the mortgage pursuant to his strong-arm powers, 11 U.S.C. § 544, and recover the value of the mortgage lien for the benefit of the estate under 11 U.S.C. § 550(a). Id.

Bank of America does not challenge that analysis here. Rather, conceding the original defect in the mortgage when recorded, it contends that the Quintin Affidavit, recorded before the bankruptcy, cured the defect and thus provided effective constructive notice of the mortgage to the world, including the trustee, by means of the registry record. Consequently, the bank argues, since the bankruptcy commenced several months thereafter, the trustee is not entitled to the status of a bona fide purchaser for purposes of § 544. It should be noted that this case is different in its facts from Agin in that there was no attempted correction before the trustee's interest as a bona fide purchaser accrued.

The bank relies on Massachusetts General Laws ch. 183, § 5B, which provides:

Subject to section 15 of chapter 184,[1] an affidavit made by a person claiming to have personal knowledge of the facts therein stated and containing a certificate by an attorney at law that the facts stated in the affidavit are relevant to the title to certain land and will be of benefit and assistance in clarifying the chain of title may be filed for record and shall be recorded in the registry of deeds where the land or any part thereof lies.

---
[1] Chapter 184, § 24 is irrelevant to the present issue.

There is no dispute that the Quintin Affidavit meets the criteria set forth in this section. Nor is it contended that the affidavit is untrue. The disputed question is whether the affidavit is to be regarded as "of benefit and assistance in clarifying the chain of title" as it appears in the registry, within the meaning and purpose of § 5B. The bank contends that the affidavit "clarifies" that the Pereiras did in fact acknowledge the mortgage at the time of its execution and that their names had been omitted in the acknowledgement not because they had not acknowledged, but as the result of an oversight.

The trustee disagrees and contends that under Massachusetts law a defectively acknowledged mortgage cannot be legally recorded,  see Mass. Gen. Laws ch. 183, § 29; Graves v. Graves, 72 Mass. (6 Gray) 391, 392-93 (1856), and thus cannot provide constructive notice of the encumbrance via the registry record. She argues that the sole method for curing a defective acknowledgment is found in Mass. Gen. Laws ch. 184, § 24, which provides:

> When any owner of land the title to which is not registered, or of any interest in such land, signs an instrument in writing conveying or purporting to convey his land or interest, or in any manner affecting or purporting to affect his title thereto, and the instrument, whether or not entitled to record, is recorded, and indexed, in the registry of deeds for the district wherein such land is situated, and a period of ten years elapses after the instrument is accepted for record, and the instrument or the record thereof because of defect, irregularity or omission fails to comply in any respect with any requirement of law relating to seals, corporate or individual, to the validity of acknowledgment, to certificate of acknowledgment, witnesses, attestation, proof of execution, or time of execution, to recitals of consideration, residence, address, or date, to the authority of a person signing for a corporation who purports to be the president or treasurer or a principal officer of the corporation, such instrument and the record thereof shall notwithstanding any or all of such defects, irregularities and omissions, be effective for all purposes to the same extent as though the instrument and the record thereof had originally not been subject to the defect, irregularity or omission, unless within said period of ten years a proceeding is commenced on account of the defect, irregularity or omission, and notice thereof is duly recorded in said registry of deeds and indexed and noted on the margin thereof under the name of the signer of the instrument and, in the event of such proceeding, unless relief is thereby in due course granted.

The trustee reads this statute to mean that a defective acknowledgment can only be cured either (a) after ten years have elapsed or (b) if before ten years have elapsed a proceeding is commenced to cure the defect and it is cured. Neither circumstance has happened in this case.

The trustee misunderstands the purpose of § 24 to be the prescription of a method for curing defects in instruments of title. It is rather properly understood as a statute of repose. As its primary clause states, whatever the defect, after ten years it has no further significance, and the document is to be regarded as free of it. The closing clauses contemplate the possibility of "a proceeding . . . on account of the defect, irregularity or omission" before the ten-year period has expired. The language is so general it is difficult to know whether it contemplates only "proceedings" to correct the defect, which is the purpose the trustee proposes, or whether it may include "proceedings" to capitalize on the defect, as, for example, by an action to quiet title by some claimant not a party to the instrument. In any event, the main point of § 24 appears to be to set an outer time limit on the disruptive mischief of the defect.

The purpose of requiring acknowledgement of a mortgage is to ensure the accuracy and integrity of the registry of deeds.

> As the intent of the statute was to give notoriety to bargains and sales of land, if a fictitious conveyance, not executed by the bargainor, should be enrolled, greater mischiefs would arise, and the public records might deceive in place of informing intended purchasers. The officer, therefore, whose duty it was to make the enrolment, must have evidence that the instrument produced for enrolment had been in fact executed.

Pidge v. Tyler, 4 Mass. 541, 543-44 (1808) (tracing the history of the acknowledgement from England to colonial Massachusetts).

However, although requiring an acknowledgement, Massachusetts has not been strict in the actual form of the acknowledgement. "An acknowledgment is the formal statement of the grantor to the official authorized to take the acknowledgment that the execution of the instrument

was his free act and deed. No particular words are necessary as long as they amount to an admission that he has voluntarily and freely executed the instrument." McQuatt v. McQuatt, 69 N.E.2d 806, 810 (Mass. 1946). It has also not been strict about the time of the acknowledgement. See Dresel v. Jordan, 104 Mass. 407, 408 (1870) ("The mere fact that the date of a deed in the chain of title to land is subsequent to the date of its acknowledgment will not justify a refusal to take a conveyance of the land on the ground that the title is not clear and satisfactory."); Smith v. Porter, 76 Mass. (10 Gray) 66, 69 (1857) ("It is of little importance that the deed was not acknowledged on the same day on which it purports to have been executed, but on the 17th of January 1806. It is well known that in this commonwealth the title to land, followed by a corresponding seisin and possession, often passes by instruments of conveyance which are not duly acknowledged; and accordingly the law will not allow a title to fail on account of such omission, but has made suitable provision for supplying the defect of an acknowledgment, where it is found to exist.").

In this case, the Quintin Affidavit performed all the necessary functions of a proper acknowledgement. It was annexed to the mortgage by a marginal reference, and it provided a satisfactory acknowledgment that the mortgage was executed by the Pereiras voluntarily. As noted above, it was filed with the registry prior to the commencement of the bankruptcy. With the filing of the new affidavit, all things necessary required for proper recording were in place and provided notice to the world of the mortgage.

In an area of the law flush with technicalities, the trustee's position here is hyper-technical. To be consistent, she would have to argue that a correcting § 5B affidavit recorded fifteen minutes after the Pereiras had left the registry would be ineffective to cure the defect that existed here. There would be no useful purpose served by such a rule.

## IV.    Conclusion

For the reasons stated herein, the Bankruptcy Court's order is REVERSED. The case is REMANDED for further proceedings consistent with this opinion.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge